UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMAS TEW, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SMITH ROOFING LLC, an Idaho corporation; CRUM & FORSTER SPECIALTY, a New Jersey corporation; and OLD REPUBLIC SURETY COMPANY, a Wisconsin corporation,<br><br>Defendants. | Case No. 4:24-cv-00048-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court are several motions filed by the defendants: Smith Roofing LLC's and Old Republic Surety Company's motions to dismiss for lack of subject matter jurisdiction (Dkts. 4 & 17), Crum & Forster Specialty Insurance Company's motion to dismiss for failure to state a claim (Dkt. 10), and Smith Roofing's motion to join Old Republic's motion (Dkt. 19). The Court will grant Smith Roofing's motion for joinder and Crum & Forster's motion to dismiss. It will, however, deny both Smith Roofing's and Old Republic's motions to dismiss for

MEMORANDUM DECISION AND ORDER - 1

lack of subject matter jurisdiction.

## BACKGROUND

Mr. Tew alleges that he contracted with Smith Roofing to repair his roof. *Complaint* at 7, Dkt. 1. After the roof was repaired, Mr. Tew informed Smith Roofing that the roof was leaking and it assured him the roof was fine. *Id.* Later, Mr. Tew learned the leaks were indeed due to Smith Roofing's failure to properly repair the roof. *Id.* Mr. Tew then explains that Smith Roofing attached a lien to the home, although he does not explain why the lien was attached. *Id.* Mr. Tew filed a complaint against Smith Roofing, Crum & Forster, and Old Republic in January 2024 alleging violations of 15 U.S.C. § 2301, UCC § 28-2-315, and UCC § 28-2-601.

Smith Roofing filed its motion to dismiss, and Mr. Tew filed an amended complaint. The Amended Complaint includes an attachment of the contract between him and Smith Roofing. *See Am. Complaint* at 9, Dkt. 1. That contract includes "a 10 year Workmanship warranty. . . against poor workmanship." *Id.* at 10. Mr. Tew appears to be alleging a breach of that warranty pursuant to the Magnuson-Moss Act, 15 U.S.C. § 2301. Crum & Forster and Old Republic then filed their motions to dismiss in March 2024. Mr. Tew filed a joint response to Smith Roofing's and Crum & Forster's motions to dismiss but did not file a

**MEMORANDUM DECISION AND ORDER - 2**

response to Old Republic's motion to dismiss.

## LEGAL STANDARD

The defendants seek dismissal of the Complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Where both jurisdictional and merits grounds are presented in a motion, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Under Rule 12(b)(1), a complaint must be dismissed if it fails to adequately allege subject matter jurisdiction. Federal courts are of "limited jurisdiction" and a court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of establishing such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994).

On a Rule 12(b)(6) motion, the Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]he court accepts the facts alleged in the complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006,

1014 (9th Cir. 2013) (citations, quotations, and alteration omitted). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## ANALYSIS

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction "refers to 'the courts' statutory or constitutional power to adjudicate a case." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). When a Court lacks subject matter jurisdiction, it must dismiss the case. Mr. Tew invokes both diversity jurisdiction and federal question jurisdiction. *See Amended Complaint* at 3 & 6, Dkt. 9. Smith Roofing argues there is no diversity jurisdiction and Old Republic argues there is no federal question jurisdiction.[1]

First, the Court agrees there is no diversity jurisdiction. A federal court has subject matter jurisdiction if the matter is between citizens of different states and

---

[1] Smith Roofing also moves to join Old Republic's motion. The Court will grant that request.

the amount in controversy exceeds $75,000. *Id.* "Section 1332 requires complete diversity of citizenship, meaning each of the plaintiffs must be citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Where even one defendant shares citizenship with the plaintiff, jurisdiction is lost. Here, there is no complete diversity. Mr. Tew, the plaintiff, is a citizen of Idaho, as is Smith Roofing, one of the three defendants. *Complaint* at 1–2, Dkt. 1; *Am. Complaint* at 1–2, Dkt. 9. It does not matter that the other two defendants are citizens of other states—diversity is lost when even one defendant is a citizen of the same state as the plaintiff.

There is, however, federal question jurisdiction. Mr. Tew cites to two UCC provisions and 15 U.S.C. § 2301, the Magnuson-Moss Warranty Act. The Act "creates a private cause of action for a warrantor's failure to comply with the terms of . . . a warranty." *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 918 (9th Cir. 2004). To bring a cognizable claim under the act, the amount in controversy of any individual claim must be more than $25, the amount of in controversy for all claims must be more than $50,000, and, if brought as a class action, the number of plaintiffs must be over 100. 15 U.S.C. § 2310(d)(3)(C).

Here, Mr. Tew requests over $50,000 in damages and the claim is not brought as a class action. Defendants argue that Mr. Tew has not provided any

**MEMORANDUM DECISION AND ORDER - 5**

factual support for his claims under the Magnuson-Moss Warranty Act that establish federal question jurisdiction. The Court disagrees. "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits." *Cement Masons Health & Welfare Trust Fund for Northern California v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999). Importantly, Mr. Tew's pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation makes omitted). The Court does not find the Complaint to be a frivolous invocation of federal matter jurisdiction.

The jurisdictional elements of the statute are met on the face of the Complaint. *See* 15 U.S.C. § 2310(d)(3). Whether Mr. Tew has properly stated a claim upon which relief can be granted is a different question, but not a jurisdictional one. *See Cement Masons*, 197 F.3d at 1008 ("The failure to state a federal claim, either on the pleadings or the facts, is not the same thing as failure to establish subject matter jurisdiction."). Accordingly, Old Republic's and Smith Roofing's motions to dismiss for lack of subject matter jurisdiction are denied.

### B.     Failure to State a Claim

Crum & Forster move to dismiss the claims against it as barred by Idaho

**MEMORANDUM DECISION AND ORDER - 6**

state law. "It is well established that absent a contractual or statutory provision authorizing the action, an insurance carrier cannot be sued directly and cannot be joined as a party defendant." *Pocatello Indus. Park Co. v. Steel West, Inc.*, 621 P.2d 399, 407 (Idaho 1980). Additionally, "[a] third party may not directly sue an insurance company in an attempt to obtain the coverage allegedly due to the insurer's policyholder." *United Heritage Prop. & Cas. Co. v. Farmers Alliance Mut. Ins. Co.*, No. 1:10-456 WBS, 2011 WL 13133745, at * 6 (D. Idaho Sept. 22, 2011). Crum & Forster insures Smith Roofing and there is no contract between Mr. Tew and Crum & Forster. Mr. Tew's response did not not directly address Crum & Forster's arguments for dismissal.

"Claims under the Magnuson-Moss Warranty Act stand or fall with express and implied warranty claims under state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (cleaned up). Accordingly, a plaintiff's claim is only viable if they have also stated a valid breach of warranty claim under Idaho law. Idaho law prohibits such claims against insurers, so the Court will grant Crum & Forster's motion to dismiss the claim against it.

### C. Leave to Amend

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberalty,"

**MEMORANDUM DECISION AND ORDER - 7**

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Here, Mr. Tew's claim against Crum & Forster cannot be cured by amendment because such claims are barred by Idaho law. No additional information would change the fact of a legal bar. Accordingly, the claim against Crum & Forster is dismissed without leave to amend and with prejudice.

## ORDER

IT IS ORDERED that:

1. Defendant Smith Roofing LLC's motion for joinder (Dkt. 19) is **GRANTED.**

2. Defendants Smith Roofing LLC's and Old Republic Surety company's motions to dismiss for lack of subject matter jurisdiction (Dkts. 4 & 17) are **DENIED**.

3. Crum & Forster Specialty Insurance Company's motion to dismiss for failure to state a claim (Dkt. 10) is **GRANTED WITH PREJUDICE**.

DATED: April 29, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**