UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMMAS TEW,<br><br>Plaintiff,<br><br>v.<br><br>SMITH ROOFING, LLC and OLD REPUBLIC SURETY COMPANY,<br><br>Defendants. | Case No. 4:24-cv-00048-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two motions to dismiss for failure to state a claim filed by the defendants (Dkts. 27 & 28). For the reasons that follow, the Court will grant both motions.

## BACKGROUND

Mr. Tew contracted with Smith Roofing to install a new roof on his home. *Complaint* at 7, Dkt. 1. After the roof was repaired, Mr. Tew informed Smith Roofing that the roof was leaking and it assured him the roof was fine. *Id.* Later, Mr. Tew learned the leaks were indeed due to Smith Roofing's failure to properly repair the roof. *Id.* Mr. Tew then explains that Smith Roofing attached a lien to the

MEMORANDUM DECISION AND ORDER - 1

home, although he does not explain why the lien was attached, although it seems likely that it was attached due to a Mr. Tew's failure to make the final payment to Smith Roofing. *See Am. Complaint* at 11, Dkt. 19. Mr. Tew filed a complaint against Smith Roofing, Crum and Forster, and Old Republic in January 2024 alleging violations of 15 U.S.C. § 2301, UCC § 28-2-315, and UCC § 28-2-601. Mr. Tew filed an amended complaint that includes an attachment of the contract between him and Smith Roofing. *Id.* at 9.[1] Crum and Forster previously moved to dismiss the claims against them for failure to state a claim, which the Court granted. *Order*, Dkt. 26. Both Old Republic and Smith Roofing now move to dismiss the claims against them for failure to state a claim. Mr. Tew opposes both motions.

## LEGAL STANDARD

A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the court to "draw the

---

[1] Mr. Tew recently filed an additional supplement to his Amended Complaint. *See* Dkt. 34. The Court will not address that filing as none of the information contained in that filing bears on the present motions.

**MEMORANDUM DECISION AND ORDER - 2**

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Detailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* (cleaned up). That is, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between the defendant and plaintiff's injury or damages. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Court must dismiss a cause of action if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "On a Rule 12(b)(6) motion to dismiss, the court accepts the facts alleged in the complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *Yoshikawa v. Seguirant*, 41 F.4th 1109, 1114 (9th Cir. 2022) (citations, quotations, and alteration omitted). Here, both motions to dismiss turn on whether Mr. Tew has stated a cognizable legal claim.

## ANALYSIS

Each defendant raises slightly different arguments in support of its motion to

MEMORANDUM DECISION AND ORDER - 3

dismiss. Accordingly, the Court will begin by addressing Smith Roofing's motion to dismiss before turning to Old Republic's motion to dismiss.

### A.    Smith Roofing's Motion to Dismiss

Smith Roofing argues that Mr. Tew's Amended Complaint fails to state either a state or federal claim against it. The Court agrees. At the outset, Mr. Tew's Amended Complaint cites to two provisions of state law: Idaho Code §§ 28-2-315 and 28-2-601.[2] This section of the code, which is based upon the Uniform Commercial Code, applies only to contracts for the sale of "goods" and not to contracts for services. *See* I.C. § 28-2-102. Where a transaction involves both the sale of goods and services, Idaho courts apply the "predominant factor" test to determine whether the UCC governs. *Transp. Truck & Trailer, Inc. v. Freightliner LLC*, No. CV-06-0282-JCC, 2008 WL 11349678, *3 (D. Idaho June 11, 2008), *aff'd*, 368 F. App'x 786 (9th Cir. 2010). If the "thrust" or "purpose" of the transaction "is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting)," then the service is the predominant factor and the UCC does not apply. *Pittsley v. Houser*, 875 P.2d 232, 234 (Idaho Ct. App. 1994). If, in contrast, the contract is for "a sale, with labor incidentally involved

---

[2] Mr. Tew cites to UCC §§ 28-2-315 and 28-2-601, however, the Court has assumed that Mr. Tew intends to cite the Idaho Code provisions that correspond to these sections of the UCC.

**MEMORANDUM DECISION AND ORDER - 4**

(e.g., installation of a water heater in a bathroom)" then the goods are the predominant factor and the UCC applies. *Id.*

Mr. Tew alleges he contracted with Smith Roofing for the installation of a new roof. Generally, when a contract involves installation, that installation is considered a service. *Id.* ("[T]he transaction in this case. . . involved installation, a service."). Mr. Tew does not allege that the contract was for the sale of goods and nothing in the contract between Mr. Tew and Smith Roofing suggests that the transaction involved the sale of goods. *See Am. Complaint* at 7, Dkt. 9. Even to the extent the contract involved both services and goods, the service (installation of the roof) clearly predominates over the goods (such as roofing material) because the central purpose of the transaction was the installation of the roof. Accordingly, Idaho Code § 28-2-315 and I.C. § 28-2-601 do not apply to the contract between Mr. Tew and Smith Roofing. Mr. Tew, therefore, cannot state a claim under either provision and the Court will dismiss his state law claims.

Mr. Tew's failure to state a claim under state law is fatal to his federal claim as well. Mr. Tew cites to 15 U.S.C. § 2301, which is the Magnuson-Moss Warranty Act. "Claims under the Magnuson-Moss Warranty Act stand or fall with express and implied warranty claims under state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (cleaned up). Accordingly, a plaintiff's claim

**MEMORANDUM DECISION AND ORDER - 5**

is only viable under the Act if they have also stated a valid breach of warranty claim under state law. Here, Mr. Tew has not stated a claim under Idaho law, meaning he has not stated a claim under Magnuson-Moss Act. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]his court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."). Accordingly, Smith Roofing's motion to dismiss is granted.

### B.    Old Republic's Motion to Dismiss

Old Republic moves to dismiss any claims against it for failure to state a claim. The allegations in the Amended Complaint do not state how Old Republic may be liable for Mr. Tew's alleged damage—none of the allegations even mention Old Republic.³ The failure to plead any facts that would support a claim against Old Republic requires the dismissal of any claims against it. *See* Fed. R. Civ. P. 12(b)(6). As such, Old Republic's motion to dismiss is granted.

### C.    Leave to Amend

If a complaint fails to state a plausible claim, "[a] district court should grant

---

³ Mr. Tew's response to Old Republic's motion clarifies that Mr. Tew is "stating a claim on the bond of $10,000 in which the City of Pocatello is the Obligee." *Response*, Dkt. 30. These allegations are not raised in the Amended Complaint, so the Court will not address the merit of this claim.

**MEMORANDUM DECISION AND ORDER - 6**

leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Mr. Tew cannot allege additional facts that would support a claim under Idaho Code § 28-2-315 or § 28-2-601. The same is true of Mr. Tew's claim under the Magnuson-Moss Act as that claim is dependent upon the state law claims. Finally, granting leave to amend to add any other claims against either defendant would be futile because the Court lacks subject matter jurisdiction over this case. The basis for the Court's subject matter jurisdiction was the Magnuson-Moss Act, however, Mr. Tew's claim under the Act has been dismissed without leave to amend, which leaves this Court without jurisdiction. Accordingly, Mr. Tew's Amended Complaint is dismissed without leave to amend and without prejudice.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Dismiss Claims Against Old Republic Surety Company for Failure to State a Claim (Dkt. 27) is **GRANTED**.

2. Defendant's Motion to Dismiss Claims Against Smith Roofing, LLC for Failure to State a Claim (Dkt. 28) is **GRANTED**.

DATED: August 7, 2024

_____
B. Lynn Winmill
U.S. District Court Judge